UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MARQUIS THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-1388 |
| | ) | |
| MARK D. JOHNSON, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at Thomson Federal Correctional Institution in Thomson, Illinois, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he hired Defendant Johnson, an attorney based in Bloomington, Illinois, to represent him in a federal criminal case filed in the Central District of Illinois in 2020. *See U.S.A. v. Thompson*, No. 20-cv-20054 (C.D. Ill.). Plaintiff alleges that Defendant Johnson represented him for three years before withdrawing as counsel.

Plaintiff alleges that Defendant Johnson "did not uphold his duties as an attorney because he allowed my constitutional rights to be violated." Plaintiff alleges further that Defendant Johnson's representation was deficient and prejudicial. He alleges that Defendant Johnson advised him to plead guilty to charges not in his indictment, failed to file any motions challenging the government's evidence, and refused to object to portions of the pre-sentence report. According to court records, Plaintiff was sentenced to a term in federal prison on December 15, 2023. *See Thompson*, Minute Entry dated Dec. 15, 2023.

Habeas corpus is the exclusive remedy for lawsuits challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If it would, a plaintiff has no cause of action under § 1983 "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489. In other words, "a prisoner cannot bring a § 1983 claim that involves issues cognizable in habeas corpus until he complies with the procedural prerequisites for relief under [the federal habeas statute]." *Clayton-EL v. Fisher*, 96 F.3d 236, 242 (7th Cir. 1996). Plaintiff's allegations that his defense attorney provided constitutionally deficient representation, if true, necessarily imply the invalidity of his underlying conviction. The Court finds that *Heck* bars Plaintiff's claims.

Assuming *Heck* does not bar Plaintiff's claims, 42 U.S.C. § 1983 provides for money damages against state actors who violate an individual's constitutional rights. A criminal defense attorney is not a state actor for purposes of § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). The Court finds that Plaintiff fails to state a claim upon which relief can be granted. The

Court would ordinarily grant Plaintiff an opportunity to amend his complaint, but, as discussed above, any amendment Plaintiff could make would be futile. The Court dismisses this case below.

**Plaintiff's Motion to Request Counsel (Doc. 3)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff appears to have satisfied the first prong. Plaintiff has personal knowledge of the facts, and he has been able to adequately communicate them to the Court. Because Plaintiff cannot state a claim upon which relief can be granted, Plaintiff's motion is denied. *Watts v. Kidman*, 42 F.4th 755, 761 (7th Cir. 2022) (court may consider the relative strength or weakness of a plaintiff's claims in ruling upon a motion to request counsel).

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

2) **This dismissal may count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

3) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

4) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does**

      **choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.**

    5) **Plaintiff's Motion [3] is DENIED without prejudice.**

Entered this 6th day of February, 2026.

                              *s/Michael M. Mihm*
                              MICHAEL M. MIHM
                        UNITED STATES DISTRICT JUDGE